UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ALBERTO GONZALEZ-ALBARRAN, ) | Civil Action No.: 4:05-cv-2502-RBH |
| ) | Crim. No.: 4:04-cr-788-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Pending before the court are: 1) Petitioner's [Docket Entry #1] motion to vacate sentence under 28 U.S.C. § 2255; 2) Respondent's [Docket Entry #6] motion for summary judgment; and 3) Petitioner's [Docket Entry #8] motion for default judgment. Petitioner alleges ineffective assistance of counsel and breach of the plea agreement at sentencing to the extent that he did not receive the benefit of the "safety valve reduction." Petitioner is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi.

**Factual and Procedural History**

Petitioner was indicted on September 28, 2004 in a Five count indictment that alleged conspiracy to distribute and distribution of cocaine base all in violation of 21 U.S.C. §§ 841(a)(1), 842(b)(1)(A), and 841(b)(1)(B). Petitioner was represented by Henry M. Anderson, Esq. Petitioner pled guilty, pursuant to a plea agreement, to Count 1, the conspiracy count of the indictment, on November 16, 2004. The undersigned sentenced the Petitioner on February 17, 2005 to a term of imprisonment of 120 months with 5 years of supervised release. The Judgment was entered in this case on February 17, 2005. Petitioner did not file a direct appeal to his sentence.

Petitioner timely filed the instant § 2255 motion on August 29, 2005.

## Discussion

Petitioner alleges that he was eligible for the safety valve reduction for several reasons. First, he pled guilty to the charged offense. Second, he had "0" criminal history category points. Third, the offense did not involve violence. Fourth, he was merely a passenger in the vehicle that made the illegal delivery. Finally, he was willing to give a statement setting forth his participation in the case.

As discussed more fully below, because there are no genuine issues of any material fact as to Petitioner's claims of ineffective assistance of counsel or the alleged breach of the plea agreement, summary judgment is due to be granted.

Ineffective Assistance of Counsel

The alleged ineffective assistance of counsel in Petitioner's motion is based upon counsel's withdrawal of his objection/arguments regarding the application of the safety valve to Petitioner's sentence. Petitioner's claim fails, however, because Petitioner has failed to raise genuine issues of material fact as to whether he received ineffective assistance of counsel.

To obtain relief based on ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; (2) the deficient performance prejudiced the defense;[1] and (3) specific acts or omissions of counsel were not the result of reasonable professional

---

[1] If the ineffective assistance of counsel claim is more easily disposed of under the second prong (prejudice inquiry) of *Strickland*, the first inquiry - whether counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment - may be by-passed. *Strickland*, 466 U.S. at 697.

judgment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the court must be highly deferential in scrutinizing counsel's performance. *Strickland*, 466 U.S. at 688-89.  To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. "Reasonable probability" is probability sufficient to undermine confidence in the outcome. *Jeffers v. Leeke*, 835 F.2d 522, 525 (4th Cir. 1987).

The Petitioner has not demonstrated that, but for his counsel's alleged ineffectiveness, the result of the proceeding would have been different, i.e. that he would have qualified for the safety valve.  United States Sentencing Commission Guideline § 5C1.2 lists five criteria for determining whether a defendant is eligible for the safety valve. *U.S. v. Warnick*, 287 F.3d 299, 303 (4th Cir. 2002).  To qualify for the safety valve the defendant must: 1) not have more than one criminal history point; 2) not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense; 3) not be convicted of an offense that resulted in death or serious bodily injury to any person; 4) not be an organizer, leader, manager, or supervisor of others in the offense; and 5) truthfully provide to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. U.S.S.G. § 5C1.2(a)(1-5).

At sentencing with Petitioner present, Petitioner's counsel addressed the court concerning application of the safety valve.  Petitioner's counsel stated that he had spoken to Petitioner about providing a statement that might qualify him for the safety valve.  Petitioner's

counsel said that Petitioner did not have any information he could provide to the Government other than the fact that Petitioner was with the other individuals when they were all arrested. [Sentencing Transcript, pg. 3, Crim. No. 4:04-cr-788-RBH]. Petitioner's counsel further stated that "based on [Petitioner's] assertion to me he could not provide any additional information, we withdraw that objection." *Id*.

The Government's submissions indicate that it was not aware of any information provided by the Petitioner that would have qualified him for the safety valve reduction. The affidavit provided by Petitioner's counsel reflected that he met with the Petitioner several times before sentencing and repeatedly discussed whether the Petitioner wanted to make a statement that might qualify him for the safety valve reduction. Counsel's affidavit indicates that the Petitioner advised him that he did not want to make any such statements. Counsel's affidavit further states that when counsel suggested debriefing by the government, the Petitioner expressed that he was scared of what might happen to him and/or his family if he gave any statements or was debriefed by the government.

Petitioner did not provide any statements that would have qualified him for the safety valve reduction out of fear that his family would be harmed. Even if his counsel had not withdrawn his arguments concerning the safety valve, the Petitioner would not have been entitled to the safety valve reduction and this court would have been inclined to overrule any objections by Petitioner's counsel concerning the application of the safety valve.

Petitioner has failed to raise evidence sufficient to create a genuine issue of material fact as to whether he suffered any prejudice as a result of counsel's alleged ineffectiveness. Petitioner's claim of ineffective assistance of counsel therefore fails.

Additionally, Petitioner's ineffective assistance of counsel claim fails under prongs one and three of the test set forth above.  First, Petitioner has not provided evidence sufficient to create a genuine issue of material fact as to whether counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, Petitioner has not set forth sufficient evidence to create a genuine issue of material fact as to whether his counsel failed to act with reasonable professional judgment.  Petitioner's counsel stated in his affidavit that he withdrew his objection to the safety valve because he did not think that the Petitioner qualified for the safety valve given the Petitioner's refusal to make a statement to the government.  Petitioner's counsel exercised reasonable professional judgment by withdrawing his arguments concerning the safety valve because Petitioner could not satisfy all of the elements required to qualify for the safety valve reduction.

The Petitioner does not dispute the fact that he provided no helpful information to the government before the sentencing hearing.  Petitioner only argues that he was willing to make a statement.  This, however, does not comport with the record or what the Petitioner actually did.  Because Petitioner has failed to raise any genuine issues of material fact as to whether his counsel was ineffective, summary judgment is granted on his ineffective assistance of counsel claim.

<u>Breach of the Plea Agreement</u>

Petitioner's memorandum in support of his § 2255 motion alleges breach of the plea agreement because he did not receive the benefit of the safety valve reduction.  The plea agreement [Docket Entry #46] does not mention a safety valve reduction nor does it place any obligations on the Government to aid the Petitioner in receiving a lower sentence.  Paragraph

10 of the plea agreement does provide for a downward departure from the Sentencing Guidelines pursuant to § 5K1.1 of the United States Sentencing Commission Guidelines in the event Petitioner provides substantial assistance to the Government in the investigation or prosecution of another person who has committed an offense. However, the plea agreement places the decision whether to seek a downward departure completely within the discretion of the Government. Petitioner has failed to raise a genuine issue of material fact as to whether the Government breached the plea agreement when Petitioner did not receive the benefit of the safety valve reduction at sentencing.

Motion for Default Judgment

Petitioner seeks a default judgment against the Government alleging that the Government failed to respond to his § 2255 motion. The Government filed a motion for summary judgment and response to petitioner's motion on November 30, 2005, two days before Petitioner's motion for a default judgment was filed.

On August 31, 2005, the court issued an Order granting the Government an extension of time to file a response to Petitioner's § 2255 motion. The Order allowed the Government 20 days after defense counsel filed an affidavit to file a response to Petitioner's motion. The Order directed defense counsel to file such affidavit within 30 days. Even though defense counsel failed to file an affidavit as required by the court's August 31, 2005 Order, the Government responded to Petitioner's § 2255 motion on November 30, 2005. Importantly, Petitioner has not been prejudiced by any delayed response to his § 2255 motion. Petitioner has had an adequate opportunity to respond to the Government's motion for summary judgment and this court has reached its decision on the merits. As there is no evidence of prejudice to

the Petitioner, the court, in its discretion, denies Petitioner's motion for a default judgment.

## Conclusion

There is no genuine issue of material fact as to whether the Petitioner received ineffective assistance of counsel when counsel withdrew his objection regarding the safety valve reduction at or before sentencing.  Further, there is no genuine issue of material fact as to whether the Government breached the plea agreement when Petitioner did not receive the benefit of the safety valve reduction at sentencing.  Accordingly, Respondent's [Docket Entry #6] motion for summary judgment is **GRANTED**.  Petitioner's [Docket Entry #1] motion to vacate sentence under 28 U.S.C. § 2255 is **DENIED**.  Petitioner's [Docket Entry #8] motion for default judgment is **DENIED**.  This case is hereby **DISMISSED with prejudice**.

Florence, South Carolina                                      s/ R. Bryan Harwell
July 26, 2007                                                       R. Bryan Harwell
                                                                           United States District Judge